## POUCHER v. FABER.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STENOGRAPHER'S FEES—REFERENCE.

　　Plaintiff's assignor was employed as a stenographer in a reference, under an agreement that his compensation should form a part of the referee's fees, and be taxable as such. The referee's fees were subsequently taxed at $300, and the referee, without consulting plaintiff's assignor, accepted $275 in full payment thereof, and sent plaintiff's assignor a check for $50 in payment for his services, which was returned and demand made for $183.37. *Held*, that since there was no contractual relation between the stenographer and the referee, in the absence of evidence showing the specific items into which the sum paid to the referee was divisible, or that any particular amount was paid him for the stenographer, no recovery could be had against him for the latter's fees.

2. SAME—EVIDENCE.

　　In an action for stenographer's fees included in a gross sum paid for defendant's services as referee, evidence of the referee as to how much he received, and of the party who made the payment to the referee as to how much he paid, was admissible.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles Poucher against Leander B. Faber. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Montfort & Faber, for appellant.

Wales F. Severance, for respondent.

FITZGERALD, J. This action was for money had and received, and the defense a general denial. The facts as given in evidence were as follows: Plaintiff's assignor was a stenographer employed in the office of a firm of lawyers, of which the defendant was a member. Defendant was appointed referee to pass upon the accounts of a receiver. At the first hearing a stipulation was entered into, between the parties to the proceedings, that plaintiff's assignor be employed as stenographer, "and that the compensation form a part of the referee's fees, and be taxable as such." These fees were subsequently taxed at the sum of $300, and defendant, without consulting plaintiff's assignor, accepted $275 in full payment thereof. This sum covered all fees of the referee, including the compensation of the stenographer under the stipulation. Defendant sent cheque for $50 to the stenographer "in pay-

90 N.Y.S.—25

ment for his services," which check was returned and demand made for $183.37, which sum is the amount asked for by the complaint and allowed by the judgment.

There is no testimony in the record upon which any finding could be based as to any specific items into which the bulk sum paid to the referee is divisible. There is evidence of the reasonable value of plaintiff's services, but by no process of reasoning can it be inferred therefrom that such amount was paid defendant for the stenographer. No contractual relations between them were shown; the parties stipulated that stenographer's compensation was to be taxed as referee's fees, and, in the absence of evidence in the record upon the question of how much the referee was entitled to for his services, and how much additional he received as compensation for the stenographer, there is no proof to sustain the judgment. Furthermore, the court excluded the only evidence offered on this subject.

The rulings sustaining the objections to the questions put to the referee and the witness Roe were erroneous. Who could answer better than the referee how much he received, and who could answer better than the party who made the payment how much he paid? Their testimony might be contradicted, it is true, but it certainly was competent, material, and relevant to the issues, and should have been admitted.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.